**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TUMMARA MARIA SULLIVAN,      )
                            )
             Plaintiff,      )
                            )
      v.                     )          Case No. 15-4951-DDC
                            )
UNITED HEALTHCARE CARE       )
COORDINATOR *case management* )
*company*, TIM THOMAS, SANDRA )
NEDWED, TARA GAFFNEY, LISA   )
ZINNECKER and CARRIE LAYMON, )
                            )
             Defendants.     )

## ORDER AND REPORT AND RECOMMENDATION

This matter comes before the court upon Plaintiff Tummara Marie Sullivan's Motion for Leave to Proceed in Forma Pauperis (ECF No. 3) and Motion to Appoint Counsel (ECF No. 5). For the reasons explained below, Ms. Sullivan's Motion for Leave to Proceed in Forma Pauperis is granted, and her Motion to Appoint Counsel is denied without prejudice. Additionally, pursuant to 28 U.S.C. Section 1915(e)(2), the undersigned recommends dismissal of Ms. Sullivan's claims for the reasons set forth below.

### I.      Background

Ms. Sullivan filed her complaint and motions to proceed *in forma pauperis* and for appointment of counsel on October 21, 2015. She used the court's civil complaint form and generally alleges that the defendants discriminated against her by conducting an investigation into her medical care, specifically her emergency room visits, resulting in defendants contacting Ms. Sullivan's health care providers, and allegedly causing them to refuse to provide her care.

### II.      Motion to Proceed *In Forma Pauperis*

Under 28 United States Code Section 1915, the court may authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[1]  The decision to grant or deny *in forma pauperis* status under Section 1915 lies within the sound discretion of the trial court.[2]  After careful review of the information provided in Ms. Sullivan's affidavit, the court concludes that her financial situation warrants a waiver of the filing fee and she is granted leave to proceed *in forma pauperis*.

### III.     Motion to Appoint Counsel

Ms. Sullivan also requests that she be appointed counsel.  A party to a civil action has no constitutional right to the appointment of counsel.[3]  Section 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel."[4]  The court has broad discretion in deciding whether to appoint counsel, but the Tenth Circuit explains that, "[b]efore counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination. The fourth factor—the plaintiff's capacity to present the case without counsel—should be considered in close cases as an aid in exercising discretion."[5]

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[2] *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. April 23, 1999)).

[3] *Durre v. Dempsey*, 869 F.2d 543 (10th Cir. 1989).

[4] 28 U.S.C. § 1915(e)(1).

[5] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The party moving for appointment of counsel bears the burden of convincing the court that there is sufficient merit to her claim to warrant appointment of counsel.[6]  "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments."[7]  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[8]

Ms. Sullivan makes no particular argument in favor of her motion for appointment of counsel.  However, the court has granted her leave to appear *in forma pauperis*.  The first factor, financial inability to pay for counsel, is satisfied.  In addition, Ms. Sullivan has identified six law offices she contacted seeking representation but does not say when she contacted them.  She states "no return call back on taking my case after 5 days," which seems to indicate that she contacted them less than a week prior to filing her motion.[9]  At least three of the firms indicated that they "don't handle these cases" or "no longer do disability discrimination cases."[10]  Although the court is unable to definitively determine that Ms. Sullivan gave the law firms sufficient time to respond to her requests, she informs the court that several firms refused her case.  The second factor, diligence in attempting to secure counsel, is therefore satisfied.

The third factor the court must evaluate is whether Ms. Sullivan has made a showing of a meritorious claim.  Ms. Sullivan does not support her motion for appointment of counsel, except

---

[6] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[7] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *2 (D. Kan. Aug. 15, 2015) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)).

[8] *Id.*

[9] Mot. for Appointment of Counsel at 2–3, ECF No. 5.

[10] *Id.* at 3.

by reference to a document entitled "What ways United HealthCare discriminated against me."[11]
That document was attached to her complaint and gives a factual account of the events that Ms.
Sullivan alleges give rise to her claim.[12]  However, as explained below, the factual allegations of
Ms. Sullivan's complaint fail to state a claim for relief based upon federal subject-matter
jurisdiction.  Therefore, Ms. Sullivan's motion for the appointment of counsel is denied without
prejudice.

### IV.    Report and Recommendation of Dismissal

When a plaintiff proceeds *in forma pauperis*, the court may review the complaint under
Title 28 of The United States Code, Section 1915(e)(2).  That section allows the court to dismiss
the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a
claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is
immune from such relief."[13]  The court uses the Rule 12(b)(6) motion to dismiss standard to
determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[14]  The court liberally
construes *pro se* parties' pleadings and it will accept as true all well-pleaded facts, drawing all
reasonable inferences in the plaintiff's favor.[15]  But "plaintiff still bears the burden to allege
sufficient facts on which a recognized legal claim could be based and the court cannot take on
the responsibility of serving as her attorney in constructing arguments and searching the

---

[11] *Id.* at 4.

[12] Compl. at 7–11, ECF No.1.

[13] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[14] *Washington*, at *3.

[15] *Id.*

record."[16]  The plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[17]

As a preliminary matter, federal courts are courts of limited jurisdiction and there is a strong presumption against federal jurisdiction.[18]  The court must dismiss a case at any time if it determines that it lacks subject-matter jurisdiction.[19]  "There are essentially three bases for federal jurisdiction: federal question; diversity; or . . . cases in which the United States is a party."[20]  Ms. Sullivan's complaint does not allege that the United States is a party or that the parties are diverse—citizens of different states.  Ms. Sullivan used the court's civil complaint form and checked the box asserting that her case "arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States."[21]  She does not identify more specifically her grounds for asserting federal subject matter jurisdiction but does generally refer to disability discrimination.  When prompted to provide "other grounds" giving rise to jurisdiction, she states "discrimination against a paralyzed, (sic) critically ill client.  In which in now (sic) way has done nothing but continue to

---

[16] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F.App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

[17] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[18] *Beams v. Norton*, 327 F. Supp. 2d 1323, 1327 (D. Kan. 2004).

[19] Fed. R. Civ. P. 12(h)(3).

[20] *Altendorf v. Dodson Intern. Parts, Inc.*, No. 04-4032, 2004 WL 2203447, at *1 (D. Kan. Sept.24, 2004) (citing 28 U.S.C. § 1331, which establishes federal question jurisdiction, 28 U.S.C. § 1332, which establishes diversity jurisdiction, and U.S. CONST. ART. III, § 2 and 28 U.S.C. §§ 1345–1346 establishing jurisdiction in cases in which the United States is a party) (footnotes omitted).

[21] Compl. at 3, ECF No. 1.

be violated and harassed by: Tim Thomas and Sandra Nedwed and many other (sic) they have advised to do so."[22]

When asked to provide a statement of her claim, she asserts "United health care care (sic) coordination company case manager's (sic) have committed the following acts against me: discrimination, decharacterization (sic) of my critical medical conditions, false Investigation and false accusations on my emergency care visits made to hospitals."[23]   She also references an attached document entitled "What ways United Healthcare discriminated against me."[24]   That document is four pages in length and generally relates Ms. Sullivan's view of the facts.   She states that the defendants claim that there is nothing medically wrong with her and that she goes to the emergency room too frequently.[25]   She explains that a case manager assigned by United Healthcare came to her home and investigated "why [she] had been ending up in the Emergency rms (sic) so much."[26]   And that thereafter 'they' called Ms. Sullivan's care providers, including her internal medicine doctor, neurologist, at least two separate primary care physicians, and emergency care providers at Ransom Memorial Hospital, and KU Medical Center and told them "not to properly care for [Ms. Sullivan]."[27]

Ms. Sullivan contests defendants' alleged statements that she has nothing medically wrong with her and that she goes to the emergency room unnecessarily.   She then loosely

---

[22] *Id.*

[23] Compl. at 4, ECF No. 1.

[24] *Id.*

[25] *Id.* at 7.

[26] *Id.* at 8.

[27] *Id.* at 10.

describes defendants' investigation of her emergency room presentations and their contact with her various medical providers, who thereafter either "turn[ed] away from caring for" her, didn't properly care for her, or "didn't want [her] to go there anymore."[28]

Even assuming Ms. Sullivan's contentions are true, on what basis does this court have jurisdiction to resolve this dispute?  Posited another way—do these factual allegations state a federal claim upon which relief may be granted?

Liberally construing the allegations of Ms. Sullivan's complaint, in an effort to identify a federal claim, the court considers the possibility that plaintiff is attempting to bring a claim under the Americans with Disabilities Act ("ADA").[29]  She does mention that she is disabled, although she does not describe the extent of her disability or how it affects her life.  The ADA encompasses several specific areas within which persons with disabilities have legal rights: employment, public services, public accommodations, and other miscellaneous provisions.[30] Title I addresses the rights of individuals with disabilities in employment settings.  Title II states: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[31]  Title III directs that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

---

[28] *Id.* at 9–10.

[29] 42 U.S.C. §§ 12101–12213.

[30] *Id.*

[31] 42 U.S.C. §12132.

7

accommodation."  Title IV's miscellaneous provisions address areas not covered in the first three Titles, none of which are implicated here.[32]

The factual allegations contained in Ms. Sullivan's complaint do not allege a claim under any ADA Title.  She does not allege any employment relationship or that any defendant is a public entity, and she does not describe an inability to access any public place.  Instead, it appears that Ms. Sullivan's allegations stem from a dispute she has with the management company, its employees and healthcare providers assessing her heathcare needs.  She seems to allege that the defendants convinced her medical providers to refuse her service or provide her inadequate service.  The complaint does not allege sufficient facts to present a constitutional or civil rights violation—the stated basis for federal subject-matter jurisdiction.  Therefore, the undersigned recommends that United States District Judge Daniel D. Crabtree dismiss this case under 28 U.S.C. Section 1915(e)(2) because Ms. Sullivan's complaint fails to state a claim upon which relief can be granted.

Because the undersigned recommends that this case be dismissed, service of the summons and complaint shall not be effected pending the resolution of this report and recommendation by the district judge.  A copy of this report and recommendation shall be sent to Ms. Sullivan via regular and certified mail with return receipt requested.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file specific written objections to the report and recommendation within fourteen days after being served with a copy.  Failure to object to the report and recommendation in a timely fashion waives appellate review of both the factual and legal determinations.[33]

---

[32] Title IV addresses: state immunity, retaliation and coercion, attorney's fees, technical assistance, illegal drug use etc. 42 U.S.C. § 12201–12213.

[33] *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000).

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 3) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (ECF No. 5) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 24th day of November, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge