IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TUMMARA MARIA SULLIVAN,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**UNITED HEALTHCARE CARE COORDINATOR, TIM THOMAS, SANDRA NEDWED, TARA GAFFNEY, LISA ZINNECKER, and CARRIE LAYMON,**<br><br>   **Defendants.** | **Case No. 15-CV-4951-DDC-KGS** |

## MEMORANDUM AND ORDER

On October 21, 2015, pro so plaintiff Tummara Maria Sullivan filed a Civil Complaint (Doc. 1) against defendants United Healthcare Coordinator, Tim Thomas, Sandra Nedwed, Tara Gaffney, Lisa Zinnecker, and Carrie Laymon, alleging "discrimination, decharacterization of [her] critical medical conditions, false investigation and false accusations on [her] emergency care." Doc. 1 at 3. Plaintiff attached to her Complaint five handwritten pages describing the "ways United Health Care discriminated against" her. Doc. 1 at 7–11. Plaintiff's allegations are not easy to comprehend, but, generally, she complains that defendants discriminated against her by initiating an investigation into plaintiff's medical care and frequent emergency room visits. She contends that defendants, as part of this investigation, contacted her health care providers which, in turn, caused them to refuse to provide her care. *See generally id.*

On November 24, 2015, Magistrate Judge K. Gary Sebelius issued a Report and Recommendation (Doc. 7) recommending dismissal of this action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Judge Sebelius noted in his Report and Recommendation

1

that plaintiff may serve and file specific written objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4(b), within 14 days after service. Doc. 7 at 8. The docket reflects that plaintiff received service of the Report and Recommendation on November 27, 2015. Doc. 8 (certified mail receipt).

On December 14, 2015, plaintiff filed a "Supplement" to her Complaint. Doc. 9. This "Supplement" is a 54-page document that includes additional allegations of discrimination, certain medical records of plaintiff, documents from a neglect and exploitation complaint made to the Kansas Department for Children and Families – Adult Protective Services, Service Plan/Plan of Care documents from United Healthcare, and a Final Order from the Division of Health Care Finance State Appeals Committee affirming dismissal of plaintiff's request for a hearing on her appeal of United Healthcare's decision to reduce the hours of her personal care attendant. *Id.*

Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition. Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "must be both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). As stated above, an objection is timely if made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Property*, 73 F.3d at 1060. If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

Because plaintiff brings this lawsuit pro se, the Court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for her. *Id.* Also, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Here, to the extent the Court liberally construes plaintiff's "Supplement" as an objection to Judge Sebelius' proposed findings and recommendation, the Court concludes that it is not sufficiently specific to qualify as a proper objection to the Report and Recommendation. Plaintiff's "Supplement" provides additional allegations of discrimination including that defendants refused requests from her physicians, provided false information to her healthcare

3

providers, stopped approving her medications, and limited her home healthcare hours. Doc. 9 at 1–7. Plaintiff asserts that she signed a contract with United Healthcare and that United Healthcare has not honored that contract. *Id.* at 8. Plaintiff also states that defendants have violated her rights "as a consumer, disabled person, and citizen of the United State[ ]s," that she is sure that "several civil, state and fed[e]ral law[ ]s have been broken in this matter," and that the matter "further needs investigation." *Id.* at 9.

But plaintiff's "Supplement" fails to include any specific objection to Judge Sebelius' conclusion that plaintiff's Complaint fails to allege sufficient facts to present a constitutional or civil rights violation. Doc. 7 at 8. In his Report and Recommendation, Judge Sebelius noted that plaintiff had checked the box on her Complaint stating that federal court jurisdiction in this case "'arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States.'" Doc. 7 at 5 (quoting Doc. 1 at 3)). Judge Sebelius liberally construed plaintiff's Complaint and considered whether it stated a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. *Id.* at 7. But he determined that it did not because plaintiff's allegations against a management company, its employees, and healthcare providers about their assessment of her medical needs failed to state a claim for relief under any title of the ADA. *Id.* at 8.

Plaintiff does not challenge this finding in her "Supplement," and she fails to provide any other information that would cause the Court to reject Judge Sebelius' conclusion that plaintiff has failed to state a claim for relief.[1] In sum, plaintiff provides no "specific" objections that enable this Court to focus on the factual and legal issues in dispute, as the Tenth Circuit has

---

[1] The Court also finds that, to the extent plaintiff intends her "Supplement" to amend her Complaint, it suffers from the same deficiencies as the original pleading—the allegations contained in the "Supplement" fail to state a claim upon which relief can be granted.

4

instructed.  *See One Parcel of Real Property*, 73 F.3d at 1060.  By failing to assert a sufficiently specific objection, plaintiff thus has waived review by this Court of the legal and factual issues addressed in the Report and Recommendation.  *Id.*

Nevertheless, the shortcomings of plaintiff's response aside, the Court has conducted a de novo review and agrees with the conclusion reached by Judge Sebelius in the Report and Recommendation.  Under 28 U.S.C. § 1915(e)(2), the Court must consider the merits of all cases in which a plaintiff proceeds *in forma pauperis*, and must dismiss any action that it determines fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Upon de novo review, the Court agrees with Judge Sebelius' conclusion that plaintiff's Complaint fails to state a claim.  To the extent plaintiff objects to Judge Sebelius' conclusion, the Court overrules that objection.  The Court also accepts the November 24, 2015 Report and Recommendation and adopts it as its own.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Supplement" to the Complaint, to the extent it is an objection to the Report and Recommendation of Magistrate Judge Sebelius (Doc. 7), is overruled, Judge Sebelius' Report and Recommendation (Doc. 7) is adopted in its entirety, and this action is dismissed.

**IT IS SO ORDERED.**

**Dated this 21s day of December, 2015, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**